CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED AT ALBUQUERQUE NM

FEB 17 1999

ROBERT M. MARCH
CLERK

JOHNNY A. VEGA,

    Plaintiff,

v.    No. CIV-98-1214 BB/DJS

IRMA LUCERO, ASSOCIATE WARDEN,
EFRIN SEDILLOS, CORLEY VALDEZ,
STANLEY MICHAELS, CORR. OFFICIALS,

    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed for failure to state a claim upon which relief can be granted.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518,



1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was attacked by Defendant Sedillos, and Defendants Valdez and Michaels watched the attack but did not intervene. After the incident, Plaintiff was placed in involuntary segregation without due process, and certain of his personal property was not returned to him. He seeks a "protective court order" and damages.

No relief can be granted Plaintiff's claims for segregation without due process and for loss of property. First, as the Supreme Court ruled in *Sandin v. Conner*, 515 U.S. 472, 486 (1995), "segregated confinement did not present the type of atypical, significant deprivation" protected against by the Due Process clause. And second, the Supreme Court ruled in *Hudson v. Palmer*, 468 U.S. 517, 534 (1984), and *Parratt v. Taylor*, 451 U.S. 527, 538-39 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986), that where the State could not control the random actions of state employees in losing or destroying property, the deprivation of property was not complete until the State failed or refused to provide an adequate post-deprivation remedy. Here, as in *Hudson*, 468 U.S. at 534, state tort remedies are available to redress the deprivation, and thus due process was not violated even if the deprivation was intentional.

Plaintiff makes no factual allegations to support the request for equitable relief or the claim against Defendant Lucero. These claims will be dismissed and judgment will be entered in favor of Defendant Lucero. Because this Defendant is no longer a named party, dismissal of claims against her is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order

2

of dismissal, and will direct entry of final judgment in favor of Defendant Lucero on Plaintiff's claims. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's claims for segregation without due process, for loss of personal property, and for equitable relief are DISMISSED with prejudice; Plaintiff's claims against Defendant Lucero are DISMISSED, and it is EXPRESSLY DIRECTED that judgment be entered in favor of Defendant Lucero;

IT IS FINALLY ORDERED that the Clerk is directed to issue summons, with notice and waiver forms, for Defendants Sedillos, Valdez, and Michaels in their individual capacities.

UNITED STATES DISTRICT JUDGE